No. 13,664.

CITY OF NEW ORLEANS VS. HOP LEE.

SYLLABUS.

It is competent for the City Council of New Orleans to enact ordinances for the cleanliness and reasonable inspection of washhouses or laundries, and to impose a reasonable fee to cover the cost of such inspection.

A PPEAL from the First Recorder's Court, City of New Orleans— Hughes, J.

*Joseph E. Generelly* for Plaintiff, Appellee.

*Rufus J. Paddock* and *Edward Barnett* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. This is an appeal from a sentence imposed for non-compliance with the requirements of a city ordinance.

The ordinance in question is one adopted by the City Council of the city of New Orleans in November, 1899, known as Council Series No. 15,709, and its object is to regulate the conducting of the wash-houses or laundries of the city.

The purpose of the enactment is to enforce the observance of sanitary conditions at such places.

To this end, among other things, the ordinance provides a system of inspection of laundries. It is made the duty of the Board of Health of the city to cause to be made weekly a thorough inspection of the premises used for such purposes, and authority is given the Board to collect from the owners of such establishments a fee sufficient to cover the cost of inspection, not to exceed twenty-five cents for each inspection.

The concluding section of the ordinance declares that any person violating any of the provisions of the same, or failing to comply with any of its requirements, shall be liable to a fine not exceeding $25.00, or to imprisonment not exceeding thirty days.

Defendant is the proprietor of a laundry. His premises were inspected by an officer of the Board of Health pursuant to the requirements of the ordinance, and for the inspection the fee of twenty-five cents was demanded.

He refused to pay and was summoned before the Recorder.

To the proceedings thus instituted against him, he filed a demurrer, alleging the ordinance in question, particularly Section 5 thereof, to be unconstitutional, and, further, denying any authority in the City Council to enact the same.

The court overruled the demurrer and proceeded to the trial of the case, with the result that defendant was found guilty and sentenced to pay a fine of five dollars, and in default of payment that he be imprisoned for a period not exceeding eleven days.

Whereupon he prayed for and was granted a suspensive appeal to this court.

With regard to the contention that it is not competent for the municipality to enact the ordinance in question, even if the authority to do so did not exist under the general police powers of the city, we find abundant warrant for it in Section 14 of the City Charter (Act 45 of 1896).

With regard to the averment of unconstitutionality of the ordinance and of its Section 5, we find that the fee of 25 cents imposed upon the proprietors of laundries is purely and simply "to cover the costs of inspection." It is neither a tax nor the imposition of a license for revenue purposes.

This inspection is made weekly and the requirement is in the interest of the public health. It is considered reasonable and not oppressive.

This is not the case of the city attempting to use its police power to enforce the collection of revenue, and the authorities cited in appellant's brief (6 La. Ann. 515; 34 La. Ann. 750; State vs. Mannessier, Opinion Book No. 53, p. 237; 38 La. Ann. 711; 36 La. Ann. 365; 49 La. Ann. 453) do not apply.

See concurring opinion of Bermudez, C. J., in State vs. Blaser, 36 La. Ann. 366, and authorities there cited.

Also Morgan vs. Louisiana, 188 U. S. 455.

Judgment affirmed.