No. 13,909.

LOUISIANA STATE BOARD OF HEALTH VS. STANDARD OIL CO. (P. S. MORRIS, AGENT.)

SYLLABUS.

Act 192 of 1898, in establishing the State Board of Health, and requiring it to see to the inspection of coal oil, throughout the state, by reasonable implication confers upon said board authority to provide the means of defraying the expense of such inspection in the usual manner, to-wit: by the exaction of an inspection fee from the dealer in the oil, and such fee is not a tax, but a charge for services rendered.

A PPEAL from the Civil District Court, Parish of Orleans— *King, J.*

*Francis C. Zacharie,* for plaintiff, appellee.

*Saunders & Gurley,* for defendant, appellant.

The opinion of the court was delivered by

MONROE, J. The sole question presented in this case is, whether the State Board of Health is entitled to collect fees for the inspection of petroleum, and its products, outside of the city of New Orleans? The defendant has appealed from an adverse judgment. By act 37 of 1877, such inspection was required to be made in every city and town of not less than two thousand inhabitants, except the city of New Orleans, by inspectors appointed by the municipal authorities, and in the City of New Orleans by inspectors appointed by the Board of Health. The municipal authorities in the various cities and towns

were authorized to fix the salaries of the inspectors appointed by them, and the Board of Health was authorized to fix the salaries of the inspectors appointed by it. So far as the municipalities were concerned, they, doubtless, found authority in their charters by virtue of which they were enabled to collect such fees as were necessary to defray the expense thus imposed upon them, but there was, and is, a special provision in the act of 1877 authorizing the Board of Health to charge a specific fee for inspection in the parish of Orleans. By the second section of act 192 of 1898, the obligation of providing for the inspection of petroleum throughout the State, as well as in the parish of Orleans, was imposed on the State Board of Health, created by that act, leaving to the local Boards, which are also provided for, the regulation of the *sale* of the article. No specific provision is however made by the act of 1898 concerning inspection fees, and it is claimed by the defendant, that, in the absence of any direct grant, the Board is without authority to exact such fees, notwithstanding that it renders, and is obliged to render, the service. This position, we think, is untenable. The rule of construction applicable to the charters of municipal corporations is equally applicable to the charter of the State Board of Health. As to municipal corporations, it is well understood that they may exercise not only powers expressly granted, but those, necessarily or fairly implied in, or incident to, the powers expressly granted, and, also those which are essential to the declared objects and purposes of the corporation. Dillon on Mun. Corps. (4th Ed.), Vol. 1, 89. The same rule of construction is applied in cases of private corporations. Taylor on Corps. (3rd Ed.), 120; Morawetz Pr. Corp. 149. The functions, for the discharge of which the State Board of Health is established, are of vital consequence to the whole people of the State, affecting them in the matter of health and safety, and there is no reason why a narrower rule of construction should be applied to the powers of that Board than to those of corporations of comparatively minor importance. When the general assembly vested in the Board the authority, and imposed upon it the obligation, to see to the inspection, throughout the State, of an article of commerce, which, uninspected, may be dangerous to human life, it is a reasonable inference that it intended that the means for the accomplishment of the work should be provided in the manner which, it may safely be said, is universally recognized and adopted, *i. e.*, by the imposition of

a charge upon the dealer in the article inspected sufficient to defray the cost of inspection. In the case of the city of New Orleans vs. Hop Lee, 104 La. 601, it was held that a fee exacted from the proprietor for the inspection of a laundry was neither a tax nor a license, but was merely a charge to cover the cost of inspection, and, it might have been added, for services rendered. It is a well settled doctrine that the power vested in a municipal corporation to license a particular occupation carries with it the right to charge a reasonable fee for the issuance of the license. Dillon on Mun. Corps. (4th Ed.), Vol. 1, 357, 358; Welch vs. Hopkins, 39 Conn. 140; St. Paul vs. Dow, 37 Minn. 20. The same principle applies in the instant case, and the argument that the Board of Health may abuse its power by sending inspectors from New Orleans to inspect oil in distant parts of the State and by charging the traveling and hotel expenses as inspection fees, is, it seems to us, based upon a groundless apprehension. When a case of that kind is presented it will be considered upon its merits. There is no such state of facts suggested in the record before us.

Judgment affirmed.