No. 13,663.

CITY OF NEW ORLEANS vs. SAM KEE.

SYLLABUS.

The ordinance adopted was a health ordinance. To maintain it an inspection of laundries was necessary. The reasonable fee imposed to pay the inspector for his services was properly charged to the defendant. The inspection was made for the benefit of the business itself, as well as in behalf of the public health. From the point of view sustained by the facts that it was compensation for services rendered, the ordinance is not unconstitutional on any of the grounds urged by defendant.

A PPEAL from the First Recorder's Court for the City of New Orleans—*Hughes, J.*

---

*Joseph E. Generelly,* for Plaintiff, Appellee.

---

*Rufus I. Paddock* and *Edward Barnett,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. Appellant complains of a fine imposed by the Recorder of the First Recorder's Court for his having violated that section of the ordinance of the city, numbered 15,709, C. S., which reads, " that the said board shall collect from all owners and managers of laundries or public wash-houses a reasonable fee sufficient to cover the cost of such inspection, charging for each and every inspection the sum of twenty-five cents."

Appellant is the owner of a public laundry and was its owner at the date an inspection was made in accordance with the ordinance in question. He refuses to pay the inspector's fee of twenty-five cents.

The defense was that the fine was illegally imposed under the ordinance, for the reason that it is unconstitutional and that it is the taking of property without due process of law.

We, in the first place, are called upon to determine whether the ordinance is a health ordinance. We think it is. The expressed purpose of the ordinance cited *supra* is to maintain cleanliness and to compel laundrymen to use only clean water for washing clothes and to prevent the employment of persons who have diseases that are contagious and to prohibit them from washing the clothes of persons inflicted with any contagious or infectious disease.

The objection is not so much directed against the inspection, for we take it that no one will seriously contend that the city has no authority to inspect a business in the cleanliness of which so many are directly interested, as it is against the fee of inspection. The control and regulation of the laundry business have generally been held to be vested in municipal corporations.

But as to the fee. This objection falls in the presence of the fact that it is a compensation for services rendered and that it is in no respect an imposition for the sake of revenue. The authority to impose a reasonable inspection fee for an equivalent arising from the inspection was recognized by this court. The claim for the fee was rejected because plaintiff sought to recover the fee as a source of revenue. Mayor vs. Mary Lewis, 32 Ann. 1233.

In other jurisdictions courts have sustained claims for inspection fees imposed for the benefit of the business itself as well as of the community. To quote: "When quarantine regulations provide for the disinfection of goods or of a vessel which has probably been exposed to

State ex rel. Thomas vs. Judge.

contagion, the services rendered may be regarded as for the benefit of such goods or vessel, because from such services they are relieved from the suspicion of being dangerous, and are exonerated from further detention and purification, and the charge for the services so performed may be imposed on the owner of the property or a lien may be created upon such property for the amount of such charges." Harrison vs. Mayor, 1 Gill. 264; Ferrari vs. Board of Health, 24 Fla. 390; Morgan's S. S. Co. vs. Louisiana Board of Health, 118 U. S. 455.

Again, in another jurisdiction: "Inspection fees are not taken, but are imposed under the principle that they are compensation for services rendered in and about making such inspection, which is presumably beneficial to the person upon whom the fees are imposed under and by virtue of the general police power of the State," citing a number of decisions. Chicago N. & V. Coal Co. vs. Peoples, 54 N. E., p. 961.

From the point of view of equivalent received there can, in our view, arise no reasonable objection to a small inspection fee imposed to pay the inspector.

A similar question was before us recently for decision. We can see no good reason to arrive at a different conclusion from that expressed in the decision to which we refer. City of New Orleans vs. Hop Lee, 104 La. 601.

Something was said *arguendo* about discrimination and that this small amount would fall unequally upon the small and the large laundries. We have not found the discriminative effect charged in the enforcement of the ordinance. Besides, the only objection raised here is that of the constitutionality of the ordinance.

We have not found it unconstitutional, and it therefore remains for us to affirm the judgment.

The law and the evidence being in favor of plaintiff the judgment is affirmed.