(38 South. 686.)

No. 15,641.

STATE v. HUNTER.

(May 22, 1905.)

SUPREME COURT — JURISDICTION IN CRIMINAL CASES—HOW DETERMINED.

1. Where a defendant was convicted of violating a "labor contract," and was sentenced to pay a fine of $10 or to imprisonment for six days in the parish jail, *held,* that the Supreme Court is without jurisdiction, although the constitutionality of the statute under which defendant was prosecuted was questioned by him on the trial below.

2. The criminal appellate jurisdiction of the Supreme Court is measured by the punishment which may be or is actually imposed, and not by the nature of the question of law that may be involved, save in cases where the constitutionality or legality of a fine, forfeiture, or penalty imposed by a municipal corporation is in contestation.

(Syllabus by the Court.)

Appeal from Twentieth Judicial District Court, Parish of Lafourche; Louis Philippe Caillouet, Judge.

Alfred Hunter was convicted of violating the labor law, and appeals. Dismissed.

John S. Billiu, for appellant. Walter Guion, Atty. Gen., and Whitmell Pugh Martin, Dist. Atty. (Lewis Guion, of counsel), for the State.

On Motion to Dismiss.

LAND, J. Defendant was charged with the offense of violating a "labor contract," as denounced by section 1 of Act No. 50, p. 71, of 1892, and pleaded that said statute was violative of several articles of the Constitution of the United States and of the Constitution of the state of Louisiana.

This plea was tried with the merits, and the district judge overruled the plea, and found the defendant guilty as charged. Thereupon the defendant was sentenced to pay a fine of $10, or to be imprisoned in the parish jail for six hours. Defendant had appealed, and the state has moved to dismiss the appeal on the ground that this court is without jurisdiction.

The motion must prevail, as the case is clearly not within our appellate criminal jurisdiction, which extends to only two classes of state cases: The one, "Whenever the punishment of death or imprisonment at hard labor *may be inflicted;*" and the other, whenever "a fine exceeding three hundred dollars, or imprisonment exceeding six months, is *actually imposed.*" (Italics ours.) Hence our criminal jurisdiction in said cases is measured by the punishment which may be or is actually imposed by the sentence, and not by the nature of the question involved. We have also appellate jurisdiction of quasi criminal cases in which the constitutionality or legality of "any fine, forfeiture or penalty imposed by a municipal corporation shall be in contestation."

We have jurisdiction in civil cases, regardless of amount, "where an ordinance of a municipal corporation or a law of this state has been declared unconstitutional," but not where it has been declared constitutional. Hence this appeal cannot be sustained even by analogy.

The offense charged is a misdemeanor, and the fine or imprisonment imposed does not bring the case within our appellate jurisdiction, and no appeal has been made to our supervisory jurisdiction over inferior tribunals.

Appeal dismissed.