PROVOSTY, J.
Defendant was charged with having violated Act No. 66, p. 74, of 1888, known as the “Pharmacy Law.” He pleaded that said act is unconstitutional, and the court sustained the plea and dismissed the prosecution; and the state has appealed. Defendant urges here that this court is without jurisdiction of the appeal. His contention is that article 85 of the Constitution, conferring jurisdiction upon this court in cases where a statute has been declared to be unconstitutional, applies only to civil cases. Article 85 makes no such distinction. It gives this court jurisdiction of “all cases wherein an ordinance of a municipal corporation or a law of this state has been declared to be unconstitutional.” State v. Hunter, 114 La. 939, 38 South. 686; State v. Goff, 106 La. 270, 30 South. 844.
Motion to dismiss overruled.
On the Merits.
Act No. 66 is said to be unconstitutional for the following reasons:
“(1) That Act 66 of 1888, violates article 29 of the Constitution of this state of 1898, in this: that said act embraces more than one object, and said objects are not expressed in the title of the act.
“(2) That said Act 66 of 1888 violates article 46 of the state Constitution of 1898, in that it attempts to regulate business and trade.
“(3) That it violates articles 1 and 6 of the state Constitution of 1898, and the fourteenth amendment to the Constitution of the United States, in that it prohibits freedom of contract, and denies equal protection of the laws to all persons, including the defendant, of liberty and property without due process of law.”
The several objects which the law is said to embrace are stated in the brief, as follows :
“(1) To regulate the practice of pharmacy.
“(2) To regulate the sale of compounded medicines and drugs, preparations, and prescriptions.
“(3) To regulate the sale of poison (a distinct object in itself).
“(4) To create a state board of pharmacy, and to regulate the fees and emoluments thereof.
“(5) To prevent the practice of pharmacy by unauthorized persons, and to provide for the trial and punishment of violators of the provisions of this act by fine and imprisonment.
“(6) The act exempts the planter furnishing medicines to hands in his employment or leasing lands from him; that in itself being class legislation, as it grants to the planter special and exclusive rights and privileges, in violation of article 46 of the Constitution of 1898 (a distinct object in itself).
“(7) The act also regulates trade, in this: that it grants to certain individuals the exclusive right to sell poison, which is in coptravention to article 46 of the Constitution of 1898 (a distinct object in itself).
“(8) The title of the act does not make the violation of the act a misdemeanor. The body of the act goes further than the title of the act, and makes it a misdemeanor to violate its provisions.
“(9) The act regulates a profession, and also a business (being two separate and distinct objects).”
The act is entitled:
“An act to regulate the practice of pharmacy; to regulate the sale of compounded medicines and drugs, preparations and prescriptions; to regulate the sale of poisons; to create a state board of pharmacy, and to regulate the fees and emoluments thereof; to prevent the practice of pharmacy by unauthorized persons; and to provide for the trial and punishment of violators of the provisions of this act by fine or imprisonment.”
Plainly, the act is simply and purely a pharmacy law, and the several objects stated above are incidentals that had necessarily to be embraced in it, if it was to be complete. A pharmacy law would manifestly be incomplete if it did not regulate (1) the practice of pharmacy; (2) the compounding of prescriptions, and the sale of drugs, medicines, and preparations; (3) the sale of poisons; (4) the practice of pharmacy; and if it did not prescribe who should be qualified to practice pharmacy, and did not provide for the licensing of such practitioners, and did not provide proper sanctions. The- act' in question does no more than this. So far as permitting planters to furnish medicines to the hands in their employ is concerned, it is but a part of the regulation. The Legislature had clearly the right to permit planters to furnish medicines to the hands *490 in their employment, if in its good judgment it was safe so to .do.
This whole question has been gone over by this court in connection with the analogous Act No. 49, p. 55, of 1894, regulating the practice of medicine, and a conclusion reached adverse to the present contentions of defendant. State v. Fowler, 50 La. Ann. 1358, 24 South. 809.
The second ground of uneonstitutionality, that the said act “attempts to regulate business and trade,” would be well founded if it were not perfectly legitimate for the Legislature to regulate trade and business in drugs and poisons.
The third objection has no better standing. This law does not “prohibit the freedom of contract,” and does not “deny the equal protection of the laws,” or “deprive defendant of liberty or property without due process of law.” The field is left wide open' to every one, subject only to the regulations prescribed by the act. No distinctions are made. That whole matter was considered and disposed of in the Fowler Case, 50 La. Ann. 135S, 24 South. 809. The regulation of the practice of pharmacy, and of the sale of drugs and medicines and poisons, comes peculiarly within the province of the police power.
The judgment appealed from is set aside, and the case remanded, to be proceeded with according to law.