LAND, J.
Defendant was indicted for selling property at public auction, without being a regularly licensed auctioneer, and without authority of law, in contravention of section 344 of the Revised Statutes of 1870.
The defendant moved to quash the indictment, on the ground that the facts alleged therein do not constitute a criminal offense under the laws of Louisiana, or, in other words, that the liability of defendant under said section is to be enforced by suit, and not by criminal prosecution. The motion to quash was sustained, and the state has appealed.
The section in question reads as follows, to wit:
“See._ 144. No other person than an auctioneer or a civil officer acting4 under the authority of some court of the United States or of "this state, or the legal representative of a succession of [or?] minors, curators of interdicted persons, syndics of insolvents, or the sheriff, when there is no auctioneer in the parish, shall exercise the trade or business of an auctioneer, by selling or offering for sale at auction, any property, real or personal, within this state, under penalty of five hundred dollars for each offense, one half of the penalty for the informer when recovered.”
The appellate jurisdiction of the Supreme Court extends to criminal cases—
“whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding three hundred dollars, or imprisonment exceeding six months is actually imposed.” Const, art. 85.
In civil matters the appellate jurisdiction of the Supreme Court extends to cases where the matter in dispute or fund to be distributed exceeds $2,000. Hence, whether we consider the penalty in question as a fine, or a sum of money to be recovered by civil process, the result is the same so far as the jurisdiction of this court is concerned. The appeal herein, therefore, must be dismissed on our own motion. We note that the constitutionality of no law or ordinance is involved.
Appeal dismissed.