(55 South. 687.)

No. 18,864.

STATE v. JONES.

(June 5, 1911.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1019*)—APPELLATE JURISDICTION—CONVICTION OF MISDEMEANOR.

In misdemeanor cases, the Supreme Court has no appellate jurisdiction except where a fine exceeding $300 or imprisonment exceeding six months is actually imposed, or where some municipal ordinance or law of the state has been declared unconstitutional.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1019.*]

2. CRIMINAL LAW (§ 1019*)—APPELLATE JURISDICTION.

The raising of a federal question does not give the state Supreme Court jurisdiction.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1019.*]

Appeal from the Sixth Judicial District Court, Parish of Ouachita; J. P. Madison, Judge.

Joe Jones was convicted of misdemeanor, and appeals. Dismissed.

Percy Sandel, for appellant. Walter Guion, Atty. Gen., and Fred M. Odom, Dist. Atty. (G. A. Gondran, of counsel), for the State.

LAND, J. The accused was indicted, tried, convicted, and sentenced for a violation of Act No. 54 of 1906, making it a misdemeanor for any person to willfully violate a hire, tenant, or share contract, upon the faith of which money or goods have been advanced, etc.

The accused moved to quash the indictment on the ground that said statute is null and void, because repugnant to the thirteenth amendment of the Constitution of the United States, and in contravention of sections 1990 and 5526 of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 1266, 3715), denouncing the crime of peonage.

The motion to quash was heard and overruled. The accused was sentenced to pay a fine of $15 and costs of prosecution, and in default of payment to be imprisoned in the parish jail for 20 days. The accused was granted an appeal to the Supreme Court.

### Motion to Dismiss Appeal.

[1] This motion must be sustained, as this court has no appellate jurisdiction over such a sentence, and no law of this state has been

declared unconstitutional. Article 85, Const. 1898; State v. Hunter, 114 La. 939, 38 South. 686; State v. Price, 124 La. 670, 50 South. 647; State v. Mitchell, 119 La. 374, 44 South. 132; State v. Richart, 126 La. 672, 52 South. 985. [2] The raising of a federal question will not give this court appellate jurisdiction.

Appeal dismissed.