(56 South. 638.)

No. 18,633.

CITY OF NEW ORLEANS v. COSGROVE.

(Nov. 13, 1911.　Rehearing Denied Dec. 11, 1911.)

*(Syllabus by Editorial Staff.)*

LICENSES (§ 7*)—OCCUPATIONS—STEAM BOILER ENGINEERS.

An ordinance requiring a steam boiler engineer to pay an annual license of $2.50, enacted pursuant to Act No. 15 of 1908, authorizing municipalities of over 50,000 inhabitants to regulate the use of steam boilers and create a board of examiners of steam boiler engineers, is violative of Const. art. 229, exempting persons engaged in mechanical pursuits from the levy of a tax by the General Assembly.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7–15; Dec. Dig. § 7.*]

Appeal from Second Recorder's Court of New Orleans; Chas. J. Gauthreaux, Judge.

Robert J. Cosgrove was convicted of violating an ordinance of the city of New Orleans, and appeals. Judgment set aside, and charge against accused dismissed.

Phil J. Patorno, Leon L. Labatt, and Titche & Rogers, for appellant. George F. Bartley, Asst. City Atty. (I. D. Moore, City Atty., of counsel), for appellee.

PROVOSTY, J. The accused was convicted before the Second Recorder's Court of the city of New Orleans, upon an affidavit charging him with violating City Ordinance 5392, N. C. S., by failing to renew his license as steam boiler engineer for the year 1910, and was fined $5; and he has appealed.

The said ordinance is interminably long, and is more than matched in that respect by the demurrer filed by the accused, in which its validity is assailed on a number of points and grounds. One of these only we find it necessary to examine. We also find it unnecessary to refer to the ordinance otherwise than in general terms.

By Act 15, p. 16, of 1908, municipalities of over 50,000 inhabitants (by which term the city of New Orleans is clearly indicated) were authorized to regulate the use of steam boilers and to create a board of examiners of steam boiler engineers. Under this act, the city council of New Orleans adopted the ordinance in question. This ordinance requires steam boiler engineers to pay an annual license of $2.50.

The accused contends that this requirement violates article 229 of the Constitution in two respects: It levies a license tax on a person pursuing a mechanical pursuit; and it imposes a greater license tax than the state does, in that it imposes a license tax upon a calling not thus burdened by the state.

Said article reads as follows:

"The General Assembly may levy a license tax, and in such case shall graduate the amount of such tax to be collected from the persons pursuing the several trades, professions, vocations, and callings. All persons, associations of persons and corporations pursuing any trade, profession, business or calling, may be rendered liable to such tax, except clerks, laborers, clergymen, school teachers, those engaged in mechanical, agricultural, horticultural, and mining pursuits, and manufacturers other than those of distilled, alcoholic or malt liquors, tobacco, cigars, and cotton seed oil. No political corporation shall impose a greater license tax than is imposed by the General Assembly for the state purposes. This restriction shall not apply to dealers in distilled, alcoholic or malt liquors."

Under this constitutional provision, the accused, who is a person engaged in a mechanical pursuit, is exempt from a license tax.

Said license is sought to be likened to quarantine fees (Morgan's R. R. & Steamboat Co. v. Louisiana, 118 U. S. 455, 6 Sup. Ct. 1114, 30 L. Ed. 237), and oil inspection fees (Board of Health v. Standard Oil Co., 107 La. 713, 31 South. 1015), and other such like exactions, the validity of which has been sustained; but the broad distinction between those exactions and the said annual license is that the services for which they are demanded are performed in the interest of the person required to pay them, whereas the present license tax could be said to be imposed in the interest of these boiler engineers sought to be burdened with it only ironically speaking.

The judgment appealed from is set aside, and the charge against the accused is dismissed.