LAND, J.
The accused was charged on information as a person engaged in “hunting for profit,” and commonly known as a “market hunter,” without having previously *569 obtained a license, as required by the statute. The accused filed a demurrer, which was overruled, and he excepted to the ruling of the court. The accused then pleaded not guilty, was tried and convicted, and was sentenced to pay a fine of $25 and costs, and in default of payment tó be imprisoned in the parish jail for 30 days. The accused appealed, and the state has moved to dismiss the appeal on the ground that this court is without jurisdiction ratione materia:.
Section 13 of act 127 of 1912 reads as follows:
“That the conservation commission of the state of Louisiana, during the month of June of each year, shall send to the tax collector of each parish of the state, a book or books containing- a regularly numbered series of official hunting and trapping licenses bearing the fac simile signature of the president of the commission, which license shall be issued by the said tax collectors to all persons applying for same at the rate of fifty cents for all residents hunting in their own parish outside the limits of the wards in which their domicile is located and three dollars for a state wide license. Fifteen dollars for all nonresidents and unnaturalized foreign-born residents, except those unnaturalized foreign-bom residents hunting on their own land, and ten dollars for persons who hunt for profit and are commonly known as ‘market hunters,’ except that nonresidents or unnaturalized foreign-born residents shall not be permitted to hunt or trap for profit.”
Defendant demurred to the information on a number of grounds of alleged legality and unconstitutionality of the above sections, in so far as it relates to the license tax of $10 for “market hunters.” Defendant further .demurred on the ground that there is no provision of law requiring a trapper’s license in the state. This ground was sustained by the judge a quo, but was held not applicable to the offense charged in the information. The other grounds were overruled.
The Supreme Court has appellate jurisdiction in criminal cases, whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding $300, or imprisonment exceeding six months, is actually imposed, or where some municipal ordinance or law of the state has been declared unconstitutional. The Supreme Court also has appellate jurisdiction in cases in which the constitutionality or legality of “any tax, toll or impost whatsoever, or any fine, or forfeiture or penalty imposed by a municipal corporation may be a contestation.”' Const, art. 85; State v. Hunter, 114 La. 939, 38 South. 686 ; State v. Kumpfert, 115 La. 950, 40 South. 365; State v. Price, 124 La. 670, 50 South. 647; State v. Gillan, 124 La. 1046, 50 South. 846. In State v. Jones, 128 La. 1097, 55 South. 687, it was held that in misdemeanor eases the Supreme Court has no appellate jurisdiction,' except where a fine exceeding $300 or imprisonment exceeding six months is actually imposed, or where some municipal ordinance or law of the state has been declared unconstitutional.
It is manifest that this case is not within the appellate jurisdiction of this court.
It is therefore ordered that the appeal be dismissed.