O’NIELL, I.
The plaintiff obtained a writ of injunction to prevent the defendant from enforcing certain provisions of the law, which, the defendant contends, require every registered pharmacist and qualified assistant to apply for a renewal of his certificate annually and pay therefor $1. The district court rendered judgment in favor of- the defendant, dissolving the injunction, and the plaintiff prosecutes this appeal.
[1] The law in contest is section 1 of Act 165 of 1914, amending and re-enacting section 2 of Act 66 of 1888, which had been already amended by Act 144 of 1902.
The plaintiff contends that the correct interpretation of the statute is, not that every registered pharmacist and qualified assistant shall apply and pay'$l annually for a renewal of his own certificate, but that every registered pharmacist and qualified assistant shall apply and pay $1 annually for a renewal of the certificate of any registered apprentice in his employ. And the plaintiff contends that, if the language of the statute be construed to mean that every registered pharmacist and qualified assistant shall apply and pay §1 annually for a renewal of his own certificate, the act is unconstitutional, for these reasons, viz.: First, that it violates article 229 of the Constitution, in that it is an attempt to levy a license tax without graduating it; second, that it violates the Thirteenth Article of Amendment of the federal Constitution, by attempting to enforce the payment of a license tax by fine and imprisonment; and, third, that it violates article 233 of the state Constitution by providing a method of enforcing the payment of a license tax in conflict therewith.
If the statute be read without regard for its manifest purpose and object, it would seem ambiguous. In fact, if we pay strict attention to the grammatical construction of the act, it might well be construed to mean, not that every registered pharmacist and •qualified assistant shall apply annually, and pay $1, for a renewal of his certificate, but that every registered pharmacist and qualified assistant shall apply annually, and pay $1, for a renewal of the certificate of any registered apprentice in his employ. But we are sure that was not the intention of the lawmaker. And if the letter of the law is ambiguous, we must pursue its spirit, and interpret and apply it according to its manifest purpose and object. If the certificate referred to, in the requirement that every registered pharmacist and qualified assistant shall renew “said certificate” annually, is the certificate issued to any apprentice in the employ of the registered pharmacist, the provision following that requirement of the law is a genuine absurdity; that is, that any registered pharmacist or qualified assistant who fails to apply for a renewal of the certificate annually shall have his or her certificate revoked, and shall cease to have authority to carry on the practice of pharmacy until he or she shall have paid the registration fee. Our conclusion is that the statute cannot reasonably be interpreted as the learned counsel for the plaintiff contends it should be, and that it has been interpreted correctly by the defendant board.
[2] The plaintiff’s objections to the constitutionality of the law are all founded upon the assertion or premise that the annual charge of $1 for the renewal of the certificate of every registered pharmacist and qualified assistant is a license tax. If that is a false premise, there is nothing in the contention— in fact there is then no contention — that the law is unconstitutional. And our opinion is that the plaintiff is mistaken in assuming that this charge of $1 to be paid annually, by every registered pharmacist and qualified assistant, for the renewal of his certificate, is a license tax. It is a fee charged for a service rendered in protecting, not only the public against the malpractice of pharmacy, *899 but the profession of the pharmacists themselves against impostors. The levying and collecting of this fee of $1 annually from every registered pharmacist and qualified assistant is not done in the exercise of the taxing power of the state, but in the exercise of the police power. The purpose of the charge is not to derive a revenue, but to pay the expense of carrying on the police regulation provided by the statute. It is true the labor of issuing the renewal certificate is, of itself, not worth $1, or does not cost the board $1. But the functions of the board are something more than swapping dollars. The dollar collected annually from every registered pharmacist and qualified assistant, in consideration for the renewal of his certificate, is expended not only for maintaining the office of the board and paying for the clerical work, but also for investigating complaints against and correcting the evil practice of having nonregistered, nonqualified, and incompetent persons compounding dangerous drugs. The regulation of matters of such vital importance to the health and safety of the public as that is surely within the police power of the state. The evidence shows that the board needs, for carrying on the work for which this fee is collected annually from every registered pharmacist and qualified assistant, every dollar collected, and more.
The learned counsel for the appellant cites and relies upon the decision in the case of the City of New Orleans v. Cosgrove, 129 La. 685, 56 South. 638, where it was held that a municipal ordinance requiring steam boiler engineers to pay an annual license tax of $2.50, adopted pursuant to a state statute, was unconstitutional. In that case the court found that the tax was not imposed in the interest of the profession or trade of the engineers who were to bear the burden of it. The charge was imposed in the exercise not of the police power, but of the supposed taxing power of the municipality. That is not true of the charge complained of in the present ease.
The judgment appealed from is affirmed.
LECHE, J., takes no part.