188 So. 697

### STATE ex rel. PAQUETTE v. BOARD OF PHARMACY OF LOUISIANA.

No. 34889.

April 3, 1939.

Rehearing Denied May 1, 1939.

R. A. Dowling, of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Clarence Dowling and Harold A. Dempsey, Sp. Asst. Attys. Gen., for appellee.

ODOM, Justice.

This is a mandamus proceeding, brought by plaintiff against the Board of Pharmacy of Louisiana to compel the Board to issue to him a renewal certificate for the year 1937. Relator alleges that he is a duly qualified and licensed pharmacist, having taken the examinations and received his license to practice his profession on May 3, 1902; that he has renewed his license regularly each year since that time, in accordance with the law of Louisiana, up to and including the year 1936; that his license up to and including the year 1936 and up to the time of filing the suit has never been suspended or revoked.

He further alleges that he tendered to the secretary of the State Board of Pharmacy $1 for the renewal of his license or certificate for the year 1937, and that the secretary refused to accept this tender and rejected his application for a renewal of his license and notified him that it would be necessary for him to pay a fee of $5

for such renewal, in accordance with Act No. 305 of 1936.

Relator prayed "that a Writ of Mandamus issue herein to the State Board of Pharmacy, thru its Secretary Hon. John E. Guess and the individual Members thereof, ordering and commanding them to Issue to Relator herein, George J. Paquette the renewal Certificate for the year 1937 of his license to practice Pharmacy in the State of Louisiana, which was issued to him on the 3rd of May, 1902".

In the alternative he prayed "that a Mandatory Injunction issue herein directed to the State Board of Pharmacy, thru its Secretary Hon. John E. Guess, ordering and commanding them to issue to Relator a renewal Certificate for the year 1937 to practice Pharmacy in the State".

The State Board of Pharmacy filed an exception of no cause of action, which was sustained. Relator appealed.

The petition shows affirmatively that the State Board of Pharmacy, through its secretary, did not arbitrarily refuse to renew relator's certificate, as provided by Act No. 66 of 1888, known as the "Pharmacy Act", as amended by subsequent acts; and that the Board, through its secretary, refused to issue the renewal certificate solely on the ground that relator tendered only the sum of $1 for the renewal, whereas Section 2 of Act No. 305 of 1936, p. 767, the latest amendment to the original act, required the payment of a fee to be fixed by the Board at a sum not exceeding $5 for such renewal. While it is not specifically so stated in relator's petition,

we understand that it is conceded that the Board had fixed a fee of $5 for renewal certificates, as permitted by Section 2 of said act.

Relator attacked the constitutionality of Section 2, Act No. 305 of 1936, on the grounds, as stated in relator's brief, that it violates the following sections and articles of the State Constitution, to-wit:

"(a) That it violates Sec. 16, Article 3 of the Constitution, as the Act is broader than its title.

"(b) It violates Art. 1, Sec. 2, State Constitution, as it deprives petitioner of Liberty and Property without due process of Law, and divests vested rights.

"(c) It attempts to saddle on him alone, and those in his class, the burden which should be borne by the General Public for the expense of the enforcement of a General Statute (Act No. 152 of 1936), and thereby deprives him of property 'without due process of law'."

At page 3 of relator's brief he says: "The question here involved is whether or not Sec. 2 of Sub. 10 of Act No. 305 of 1936 is constitutional."

The portion of Section 2 of the said act which is attacked by relator is that which reads: "Every registered pharmacist and every qualified assistant shall apply for a renewal of said respective certificate annually, on or before the first day of January of each year after his or her registration and pay therefor to the Secretary-Treasurer of the State Board of Pharmacy, a renewal fee to be fixed by the said Board not exceeding the sum of five dollars

($5.00). Providing further, that four-fifths of the said annual renewal fee shall be placed in a special fund, to be used only for the necessary expenses of inspection, enforcement and statistical research by representatives of the State Board of Pharmacy or its duly authorized agency."

In so far as the issue here involved is concerned, it must be held that the portion of the act above quoted is constitutional unless it violates those particular portions of the Constitution cited by relator.

It is alleged that the act is broader than its title, in violation of Section 16, Article III, of the Constitution, which provides that: "Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

The title of the Pharmacy Act reads as follows: "An Act to regulate the practice of pharmacy; to regulate the sales of compounded medicines and drugs, preparations and prescriptions; to regulate the sale of poisons; to create a State board of pharmacy, and to regulate the fees and emoluments thereof; to prevent the practice of pharmacy by unauthorized persons; and to provide for the trial and punishment of violators of the provisions of this act by fine or imprisonment."

We find no merit in this attack, because the title specifically states that the purpose of the act is to regulate the practice of pharmacy and "to create a State board of pharmacy, and to regulate the fees and emoluments thereof".

This portion of the body of the act at which relator's complaint is levelled does precisely what the title says may be done. It regulates "the fees and emoluments" of the Board by stipulating that the Board may fix the fee for the renewal of certificates at a sum not exceeding $5, four-fifths of which is to be placed in a special fund "to be used only for the necessary expenses of inspection, enforcement and statistical research by representatives of the State Board of Pharmacy or its duly authorized agency".

It is clear that the Legislature intended that the Board should receive a fee of $1 for the issuance of the certificates and that it was anticipated that the Board might need an additional sum to be used to defray the expenses of its agents in making inspections and statistical researches. It therefore authorized the Board to fix the fee at a sum not exceeding $5, four-fifths of the amount to be used for those purposes.

The original Pharmacy Act (Act No. 66 of 1888) was adopted in the interest, and for the protection, of the pharmacists themselves, and for the protection of the public. One of its purposes evidently was to protect honest, learned, and well qualified pharmacists against impostors, dishonest and unqualified pretenders. Certainly it is to the interest of those who qualify themselves to practice the profession, and who do practice it honestly and efficiently, to have the unlearned, unskilled, and possibly unscrupulous practitioners, who might bring the profession into disrepute, weeded out, so to speak, of the

ranks. The evident purpose of the Legislature in permitting the Board to set aside four-fifths of the $5 fee to make investigations and researches was to do just that— in sum, to enable the Board to keep the profession up to the prescribed standard of efficiency.

We do not understand relator's contention to be that the Legislature had no right to fix a fee in some amount which the Board might charge for the issuance of renewal certificates. He alleges that he tendered to the Board the sum of $1, which was the amount prescribed in Act No. 177 of 1934. His tender of that amount is an admission that a fee in some amount was lawful. But Act No. 305 of 1936, which amended the 1934 act, increased the fee which might be charged by the Board from $1 to $5. The 1934 act authorized the Board to fix a renewal fee not exceeding the sum of $1 and provided that two-thirds of the said amount should be placed in a special fund "to be used only for the monthly compensation and necessary expenses of the inspector of drug stores". Section 1. Practically the only difference between the two acts, in so far as the fee is concerned, is that the 1934 act fixed the fee at $1 and the amending act of 1936 fixed the fee at $5. Therefore, when we consider plaintiff's contention from all angles, he is dissatisfied with the amount of the fee demanded.

The act to regulate the practice of pharmacy is a police regulation pure and simple, and not an act to raise revenue by imposing a license tax on the pharmacists. De Gruy v. La. State Board of Pharmacy, 141 La. 896, 75 So. 835; State v. Kumpfert, 115 La. 950, 40 So. 365, 366.

The legislature had authority under its police powers to regulate, within reasonable limits, the renewal fee which the Board might fix to enable it to carry out the purposes of the act. In view of the stipulated purposes for which the proceeds of these fees are to be used, the amount fixed does not seem to us to be unreasonable. However, the amount of the fee is a matter to be regulated by the Legislature within its discretion.

We do not think that the act is broader than its title.

Relator's second complaint is that the act violates Article I, Section 2, of the State Constitution, in that it deprives him of liberty and property without due process of law, and divests vested rights.

This same contention was raised in the case of State v. Kumpfert, supra, where the court said: "This law does not 'prohibit the freedom of contract,' and does not 'deny the equal protection of the laws,' or 'deprive defendant of liberty or property without due process of law.' The field is left wide open to every one, subject only to the regulations prescribed by the act."

Relator's third contention is that a portion of the fee is used by the Board to pay the expenses of the enforcement of Act No. 152 of 1936, which is a general statute known as the "Fair Practice Act".

Relator alleges that he can prove this fact and asks that he be permitted to do so. Even if he could make such proof,

that would not affect the constitutionality of the act. If, as a matter of fact, the Board is using the fee for renewal certificates to enforce the provisions of another act, the pharmacists might, by an appropriate proceeding, have such abuse of authority corrected. As to this, however, we express no opinion.

.For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS, J., absent.