State ex rel. Gabriel vs. Judge of Twenty-second Judicial District Court.

No. 67.

33 1227
48 1018

THE STATE EX REL. LUCIEN GABRIEL VS. THE JUDGE OF THE TWENTY-SECOND · JUDICIAL DISTRICT COURT, PARISH OF ST. JAMES.

Under the present Constitution, the accused in criminal cases, in which the punishment of death or imprisonment at hard labor *may be* inflicted, is entitled to an appeal to this Court, whether the verdict of the jury or judgment of the lower court is or not for a lesser punishment. Similarity on this point between the Constitutions of 1852 and 1879, and difference with that of 1868. 14 An. 649.

APPLICATION for Writ of Mandamus.

*R. G. Dugué* for the Relator.

The opinion of the Court was delivered by

LEVY, J. The relator applies to this Court for a mandamus to com-· pel the Judge of the Twenty-second Judicial District Court of the parish of St. James to grant him an order of appeal from the sentence and judg-· ment of said Court, rendered in the trial of an information against him,. charging the offence of "assault with intent to commit rape." Relator, the accused in said information, was tried by a jury, who found a ver-dict of "guilty of assault," and the judge sentenced him to three months' imprisonment in the parish jail and to the payment of a fine of twenty-five dollars, whereupon the accused moved for an appeal to this Court, which was denied.

The punishment prescribed for the offence with which accused was charged, is fixed by the statute at *imprisonment at hard labor,* not ex-ceeding two years, the punishment of assault at a fine not exceeding one hundred dollars, or *imprisonment* not exceeding three months, or both, at the discretion of the Court.

We are to decide, in these proceedings, whether an appeal lies to this Court, under the jurisdiction vested by the Constitution of 1879. For a proper solution of the question and to fully understand the inten-tion of the framers of the present Constitution, we are materially aided by a consideration of the clauses of our previous Constitutions on the same subject.

In regard to the jurisdiction of this Court in criminal matters, the organic law has not been uniform. Under the Constitution of 1852, arti-cle 62 provided that the jurisdiction of the Supreme Court shall extend "to all criminal cases, on questions of law alone, whenever *the offence charged is punishable* with death or imprisonment at hard labor, *or* when a fine exceeding three hundred dollars is actually imposed."

In the Constitution of 1868 we find a very plain and material change. It provides, in article 74, that the jurisdiction of the Court shall extend, "in criminal cases, on questions of law only, whenever the punishment

of death or imprisonment at hard labor, or a fine exceeding three hundred dollars, *is* actually imposed." The Constitution of 1879, which constitutes the existing organic law, and whence the powers and jurisdiction of this Court are derived and by which they are limited, invests it with jurisdiction in all criminal cases, on questions of law alone, whenever the punishment of death or imprisonment at hard labor *may be inflicted,* or a fine exceeding three hundred dollars is actually imposed." By the Constitution of 1868, an appeal in criminal cases could only be entertained where the punishment or fine was actually imposed. The wording of article 62 of the Constitution of 1852, and of article 81 of 1879, differed in the mode or manner of expression, that of 1852 extending the jurisdiction to cases in which "*the offence charged* is punishable with death or imprisonment at hard labor," &c., and that of 1879 to cases, "whenever the punishment of death or imprisonment at hard labor *may be* inflicted," &c. We think both these articles, although differing in mere verbiage, express the same intention and grant the same right. Our present constitutional provision on the subject differs *toto cœlo* from that of 1868, the latter limiting the right of appeal to those cases in which the punishment of death or imprisonment at hard labor, &c., is actually imposed, that is, where the sentence and judgment of the Court condemns the accused to suffer such punishment; the former to those where, under the law governing them, they *may be inflicted;* in other words, where the statute under which a party is prosecuted prescribes such punishment in the event of the conviction of the party. Under the present Constitution, we are of opinion that the appeal will lie just as it did under that of 1852, and that, regardless of the finding of the jury or the sentence and judgment of the Court, the accused is entitled to an appeal in all such cases after final judgment, although a lesser punishment is inflicted upon him, or the verdict of the jury may convict him of a crime less than that with which he is charged in the indictment or information, when, if convicted of the greater one thus charged, he might be condemned to the punishment denounced by the law defining the offence and its penalty. To some extent the right may be likened to an appeal in civil cases, which is governed, not by the amount of the judgment rendered, but by that claimed in the petition. Regarding the provisions of the Constitutions of 1852 and 1879 as being identical in meaning and conferring the same right, the decisions of the Supreme Court having reference to the provisions of the Constitution of 1852 on that subject, are applicable to those of the present Constitution, this question being before the Court for the first time since the adoption of the latter.

In 15 An. 347, State on the relation of Cook vs. Keeper of Parish Prison, the Court said: "It is well settled that, in a criminal prosecu-

tion, this Court is without jurisdiction, *unless the offence charged* be punishable by death, or imprisonment in the penitentiary, or a fine exceeding three hundred dollars has been actually imposed. And then there must be a final judgment before an appeal can be taken."

In State vs. Slave Charles, 14 An. 649, it was held: " The right of appeal equally exists, if the accused has been charged with an offense punishable with death or imprisonment at hard labor, and has been found guilty of an offense not so punishable, for article 62 of the Constitution (of 1852) does not make the right of appeal depend upon the nature of the verdict or the punishment that may be inflicted by the jury, but upon the fact whether the offense *charged* is punishable with death or imprisonment at hard labor." See, also, 12 An. 390.

For the reasons stated, we think the relator entitled to the order of appeal, and that it should be granted by the District Judge.

It is, therefore, ordered, adjudged and decreed that the alternative writ of mandamus herein issued be made absolute and peremptory, and the Judge of the Twenty-second Judicial District Court in and for the parish of St. James be directed to grant the suspensive appeal prayed for by the relator, Lucien Gabriel, and that the defendant and respondent herein do pay the costs of these proceedings.