·(112 So. 37)

No. 28429.

. STATE v. MELANCON.

Feb. 28, 1927.　Rehearing Denied March 28,
1927.

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⊚⇒1020—**Defendant, prosecuted for rape, may appeal to Supreme Court from conviction for simple assault only, though punishment was limited to $25 fine and 30-day jail sentence (Rev. St. § 792; Const. 1921, art. 7, § 10).**

In prosecution for rape, punishable, under Rev. St. § 792, by imprisonment with or without hard labor not exceeding 20 years, appeal may be taken to Supreme Court, notwithstanding that conviction was for simple assault only, and punishment was assessed at only 30 days in jail and $25 fine, in view of Const. 1921, art. 7, § 10.

2. **Witnesses** ⊚⇒227—**Witness must be sworn before giving testimony.**

In criminal case, witness must be sworn before giving testimony.

3. **Criminal law** ⊚⇒692—**Failure to swear witness held not to vitiate verdict, where waived by accused's silence.**

Failure to swear witness before giving testimony, in criminal prosecution, will not vitiate verdict, where matter was not called to attention of trial court at time, since it was irregularity that could be waived by accused, either expressly or by silence.

4. **Criminal law** ⊚⇒1163(2)—**Court may assume that accused suffered no injury because witness who was not eyewitness to offense was not sworn.**

Where witness who was not sworn before testifying in criminal prosecution was not eyewitness, court may assume that testimony related to matters not having material bearing on question of guilt, and that defendant suffered no injury by reason of fact that he was not sworn.

Appeal from Twenty-Fourth Judicial District Court, Parish of Jefferson; L. Robert Rivarde, Judge.

Christopher Melancon was convicted of simple assault, and he appeals. Affirmed.

Conrad A. Buchler, of Gretna, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and John E. Fleury, Dist. Atty., of Gretna, for the State. ·

THOMPSON, J. The defendant was tried under an indictment charging him with the crime of assault with intent· to commit rape.

The jury returned a verdict of guilty of simple assault.

Whereupon he was sentenced to pay a fine of $25 and to serve 30 days in the parish jail.

[1] The Attorney General has filed a motion to dismiss the appeal, for the reason that the sentence imposed is not within the appellate jurisdiction of this court. .

The motion is not well taken.

The charge for which defendant was tried is punishable by imprisonment with or without hard labor not exceeding 20 years. R. S. § 792.

In all such cases it is the sentence which *may* be imposed and not that which is *actually* imposed that determines the right of appeal to this court.

The Constitution (section 10, art. 7) designates two classes of criminal cases in which the right of appeal is granted to this court on questions of law: Those which *may* be punishable by death or imprisonment at hard labor; and those where a fine exceeding $300 or imprisonment exceeding six months is *actually* imposed.

In the one case the right of appeal depends on the punishment that may be imposed and in the other the punishment that is actually imposed.

We had occasion to consider the identical· question here presented in State ex rel. Gabriel v. Judge, 33 La. Ann. 1227.

In that case the defendant was charged with the same offense as that charged against the present defendant. A verdict of simple assault was returned as was the case here.

This court held that in all criminal cases in which the punishment of death or imprisonment at hard labor may be inflicted the accused is entitled to an appeal to this court, whether the verdict of the jury or judgment of the lower court is or not for a lesser punishment.

That decision was rendered in 1881 under the Constitution of 1879, which contained a provision relative to the jurisdiction of this court in criminal cases, precisely identical with the one contained in the present Constitution.

Counsel for the state rely on the case of State v. Fried, 154 La. 402, 97 So. 588, as supporting their motion to dismiss.

An examination of that case, however, clearly shows that it has no application to the instant case.

The defendant was prosecuted and convicted of the offense of wife desertion under Act 34 of 1902.

He was fined $100, with an alternative imprisonment in the parish jail not exceeding six months. He could not, under the statute, have been sentenced to hard labor, nor was a fine exceeding $300 or imprisonment exceeding six months actually imposed.

The motion to dismiss is overruled.

### On the Merits.

We find it necessary to consider only one question on the merits, the only one discussed in counsel's brief and that relates to the overruling of a motion for a new trial.

[2, 3] Among the witnesses placed on the stand by the state was Walter White, town marshal of Westwego, who had arrested the accused.

It appears that at the moment the witness was called to the stand the jury requested permission to retire and the witness was not then sworn. When the jury returned, the case was proceeded with, and the witness was examined by the state and cross-examined by the defendant, without any objection being made to the fact that the witness had not been sworn.

There can be no doubt as to the rule in this state, as well as at common law, which requires a witness to be sworn before giving his testimony, but we are of the opinion that the failure to swear the witness in the instant case did not have the effect of vitiating the verdict.

The matter should have been called to the attention of the court before proceeding with the examination of the witness.

It was too late to urge the question after conviction.

The matter was not jurisdictional, but was such an irregularity as could be waived by the accused either expressly or by his silence.

[4] Moreover, it appears from the motion for a new trial that White was not an eyewitness to the offense and that there were only two such witnesses, the victim of the assault and the accused.

We may assume, therefore, that the testimony of the unsworn witness related to matters not having any material bearing on the question of the guilt of the accused and that the defendant suffered no injury by reason of the fact that the witness was not sworn.

The accused was sworn in his own behalf and denied that he had committed any assault on the prosecutrix. Otherwise his testimony was virtually the same as that given by White.

The judge in his per curiam states that the testimony of White and the accused coincided and was practically along the same line.

We can discover no reversible error in the ruling complained of.

The conviction and sentence are affirmed.