THOMPSON, J.
 

 The state appeals from a judgment quashing an indictment against the defendant which charged him with having committed a misdemeanor in office in violation of Act 254 of 1912.
 

 The defendant has filed a motion, to dismiss the appeal for want of appellate jurisdiction in this court.
 

 The penalty prescribed by the statute is a fine not exceeding $500 or imprisonment not exceeding six months.
 

 The appellate jurisdiction of this court in criminal matters extends, on questions of law only, to cases in which the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding $300 or imprisonment exceeding six months is actually imposed. Section 10, art. 7, Constitution of 1921.
 

 It will be seen that, while in the first-mentioned class of cases (felonies) the question of appellate jurisdiction is determined by the character of the offense charged as measured by the punishment that
 
 may
 
 be inflicted, in the last-mentioned class of cases (misdemeanors), the question of appellate jurisdiction is determined, not by the penalty that may be imposed, but by that which is actually imposed, and which must be a fine exceeding $300 or an imprisonment exceeding six months.
 

 The instant case belongs to the last-mentioned class of cases, and, as no sentence has been imposed, there is no appeal. There can be no appeal by the state in misdemeanors where the indictment or information has been quashed. State v. Smith, 39 La. Ann. 231, 1 So. 452; State v. Blanchard, 45 La. Ann. 939, 12 So. 933; State v. Cox, 114 La. 570, 38 So. 456; State v. Kramer, 127 La. 1034, 54 So. 341.
 

 The appeal is dismissed.