FOURNET, Justice.
 

 The defendant has appealed from his. conviction of manslaughter on a charge by indictment of having committed the crime of murder and, for the reversal thereof, relies on several bills of exceptions reserved to the rulings of the trial judge.
 

 The first bill was reserved to the overruling of a motion to quash the indictment based on the ground that one of the members of the grand jury which returned the indictment against the defendant had a felony charge pending against him at the time he was selected and served on the grand jury.
 

 Being charged with a capital crime, the accused could be prosecuted only on an indictment of the grand jury (section 9, article 1 of the Constitution of 1921), the members of which must possess the qualifications prescribed by article 172 of the Code of Criminal Procedure, and "it is well settled that the participation of an incompetent juror in the finding thereof vitiates an indictment, and that on such showing a motion to quash should be sustained.” State v. McClendon, 118 La. 792, 43 So. 417, 421. See, also, State v. Nolan, 8 Rob. 513; State v. Jones, 8 Rob. 616; State v. Parks, 21 La.Ann. 251; State v. Rowland, 36 La.Ann. 193, 194; State v. Griffin, 38 La.Ann. 502, 503; State v. Thibodeaux, 48 La.Ann. 600, 601, 19 So. 680; Marr’s Crim.Jur. (2d Ed.) vol. 1, p. 659.
 

 
 *317
 
 It is the State’s contention, as shown by the record upon the trial of the motion to quash the indictment, that the juror Pleas Terrell, referred to in the motion, had been charged, tried, and convicted jointly with one James M. Nugent in the district court of the parish of Rapides in 1905 for the crime of shooting into a dwelling house, and on appeal to this court the conviction and sentence were set aside and the case remanded (State v. Nugent et al., 116 La. 99, 40 So. 581); that the district attorney did not try the case again but instead placed the case on the dead docket where it remained without being disturbed until after the trial of defendant’s motion to quash, when the present district attorney entered a nolle prosequi; and that the juror had lived during all these years in the parish of Rapides, where he exercised his rights as a citizen; that the juror, consequently, stood in the same position as one against whom a nolle prosequi had been entered on the charge, in view of the mandatory provisions of Act No. 67 of 1926, re-enacted as articles 8 and 9 of the Code of Criminal Procedure.
 

 While the Legislature in its wisdom has seen fit to place a limitation on the time within which prosecutions may be had, nevertheless it is evident from a reading of articles 8 and 9 of the Code of Criminal Procedure that the district attorney cannot be required by an accused to enter a nolle prosequi until hechas shown to the district attorney’s satisfaction not only that the prescriptive period has elapsed, but also that no legal interruption of prescription has taken place; nor has the Court authority to order the dismissal of a prosecution, when the district attorney has not entered his nolle prosequi, until the accused shall have established to the satisfaction of the court that the prescriptive period prescribed by law has run. It therefore follows that a charge against an accused under the circumstances is pending until nolle prosequied by the district attorney or ordered dismissed by the court. The Legislature, under article 172 of the Code of Criminal Procedure, has provided that “the qualifications to serve as a grand juror * * * in any of the courts of this State shall be as follows: To be a citizen of this State, * * *
 
 not *
 
 * *
 
 charged with any offense."
 
 (Italics ours.)
 

 We therefore conclude that, the defendant having been indicted by grand jury in whose membership there was a disqualified member, the indictment was void and consequently no indictment upon which a legal conviction could be predicated. Having reached this conclusion makes it unnecessary for us to discuss the other bills of exception.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the verdict and sentence appealed from be, and they are hereby, annulled and set aside, and the indictment of the grand jury, charging the defendant with the crime of murder, be, and it is hereby, declared null and of no effect.
 

 HIGGINS, J., takes no park