O’NIELL, Chief Justice.
 

 The question in this case is whether the State”has the right to appeal from a judgment of the district court ordering a nolle prosequi entered and ordering the accused parties discharged from further prosecution, in a felony case which has been pending longer .than three years, when the district attorney refuses to enter a nolle prosequi, under the provisions of Article 8 of the Code of Criminal Procedure, as amended.
 

 On January 19, 1940, a bill of • information was filed charging the defendants with the crime of bribery. On April 27, 1943, the defendants filed a motion to have a nolle prosequi entered by the judge, on the ground that more than three years had elapsed from the date of the filing' of the bill of information, that the defendants had not been fugitives from justice at any time but on the contrary had been available and subject to the processes of the court at all times after the bill of information was filed, and that notwithstanding it was the mandatory duty of the district attorney to enter a nolle prosequi under the provisions of Article 8 of the Code of Criminal Procedure, as amended by Act No. 323 of 1942, the district attorney failed and neglected to enter the nolle prosequi. The judge of the criminal district court ordered the State, through its prosecuting officers, to show cause why the nolle prosequi should not be entered.
 

 Answering the rule to show cause,' the attorney general and the district attorney contended that the statute applicable to the case was Article 8 of the Code of Criminal Procedure as amended' and reenacted by Act No. 21 of the Second Extra Session of 1935, and that the prescription’ therein provided for, as well as the prescription provided for in the amendment and re-enactmént of the article by Act No. 147 of 1942, was interrupted by the absence of the defendants from the State, while they were incarcerated in a federal prison, or correctional institution, in Texarkana, Texas, from October 23, 1941, until September 1, 1942. The attorney general and the district attorney invoked also the proviso in Article 9 of the Code of Criminal Procedure, “that the prescription established in Art. 8 hereof shall be interrupted by the absence of the defendant from the jurisdiction of said court without the written consent of the court first obtained and entered upon the minutes, or filed in the record of the cause,” et cetera. After a hearing of the
 
 *677
 
 rule to show cause, the judge maintained the defendants’ motion, ordered the nolle prosequi entered and ordered the defendants discharged from further prosecution. The attorney general promptly presented a bill of exceptions for the judge’s signature and at the same time a motion for an appeal to this court. The judge signed the bill of exceptions, when it was presented, on May 21, 1943, but, on the objection of the attorneys for the defendants, the judge withheld his signature from the proposed order of appeal, to afford the defendants a hearing. . The attorneys for the defendants then filed a motion to dismiss the" State’s motion for an appeal; and on May 31, 1943, the judge, after hearing arguments on the motion, refused to grant an order of appeal and at the same time withdrew his signature from the bill of exceptions. The State had reserved the bill of exceptions because of the ruling of this court in the case of State v. LeBleu, 203 La. 337, 14 So.2d 17, that the State must reserve a bill of exceptions to a judgment sustaining a plea of prescription and dismissing the prosecution, in order to have the right to appeal from the judgment, in a case where the plea depends upon testimony taken on the trial thereof.
 

 The attorney general and the district attorney, after giving due notice to' the judge and to the attorneys for the defendants, applied to this court for writs of ‘certiorari and mandamus to compel the judge to grant- the appeal, of, in the alternative, to have this court grant the appeal. In the State’s petition for the writs of certiorari and mandamus the State prays that, if the court should hold that the State is not entitled to an appeal, then and in that event only, this court should review and reverse the judgment of the district court by writ of certiorari, under the supervisory jurisdiction vested in the court by the first paragraph of section 10 of Article VII of the Constitution, declaring that the court shall have control of and general supervision over all other courts of the State.
 

 We are not concerned now with the question whether the Judge of the Criminal District Court was right or wrong in maintaining the motion of the defendants to order a nolle prosequi entered and thus to put an end to the prosecution. The only question before us now is whether the judge was right or wrong in denying the State an appeal from the judgment ordering the nolle prosequi entered, ordering the defendants discharged from further prosecution, and thus putting an end to the case in the Criminal District Court.
 

 The crime of bribery is a felony under the provisions of Act No. 59 of 1878. Hence this court has appellate jurisdiction of any final judgment rendered in the case. The concluding paragraph of Section 10 of Article VII of the Constitution provides that the appellate jurisdiction of the Supreme Court shall extend to criminal cases in which the penalty of death or
 
 imprisonment at hard labor may be imposed,
 
 even where no penalty of either fine or imprisonment has been
 
 actually
 
 imposed. State ex rel. Gabriel v. Judge of Twenty-Second Judicial Dis
 
 *679
 
 trict Court, 33 La.Ann. 1227; State v. Hunter, 114 La. 939, 38 So. 686; State v. Price, 124 La. 670, 50 So. 647; State v. Melancon, 163 La. 435, 112 So. 37; State v. Price, 164 La. 376, 113 So. 882.
 

 Articles 540 and 541 of the Code of ■Criminal Procedure leave no doubt that the judgment rendered in this case, ordering a nolle prosequi entered and ordering the defendants discharged from further prosecution, is a final judgment, from which the State has the right to appeal in a prosecution for a felony. Article 540 ■declares:
 

 “No appeal lies in any criminal case, except as otherwise provided in this Code, from any order, ruling or judgment which •does not finally dispose of the case. The prosecution and the defense have each the right in an appealable case to appeal from the final prejudicial judgment”
 

 And article 541 declares;
 

 “A case is finally disposed of by
 
 any judgment which dismisses the prosenttion, whether before or after verdict,
 
 that grants or refuses to grant a new trial, that arrests or refuses to arrest judgment, or that imposes sentence.” [The italics are ours.]
 

 The right of the State to appeal from a judgment maintaining a plea of prescription against a prosecution for a felony is well recognized in the decisions of this court. See State v. Cobbs, 7 La. Ann. 107; State v. Precovara; 49 La.Ann. 593, 21 So. 724; State v. Hayes, 162 La. 917, 111 So. 327; State v. Brossette, 163 La. 1035, 113 So. 366; State v. Fradella, 164 La. 752, 114 So. 641; State v. Cooley, 176 La. 448, 146 So. 19; State v. Perkins, 181 La. 997, 160 So. 789; State v. Smith, 200 La. 10, 7 So.2d 368; State v. LeBleu, 203 La. 337, 14 So.2d 17.
 

 The attorneys for the defendants in this case apparently concede that if the motion which they filed in the criminal district court, to have a nolle prosequi entered, should be considered a plea of prescription, the State would have the right to appeal from the judgment maintaining the plea. We refer to the 6th paragraph of the defendants’ motion to dismiss the State’s motion for an appeal, where it is declared :
 

 “6. When the Legislature of 1942 enacted this statute [Act No. 323 of -1942] it very specifically did not provide for a judgment of dismissal on a plea of prescription, from which sort of judgment the State would have had an appeal.”
 

 The argument for the defendants in that respect is that their motion to have the judge enter a nolle prosequi was not a plea of prescription, and hence that the decisions maintaining that the State has the right of appeal from a judgment maintaining a plea of prescription against a prosecution for a felony are not applicable to the judgment rendered in this case. Our opinion is that it makes no difference whether the motion of the defendants to have the judge order a nolle prosequi entered should or should not be regarded as a plea of prescription. It is sufficient that the judgment rendered on the motion, putting an end to the prosecution in the Criminal District Court, was, essentially, a final judgment, from which the State
 
 *681
 
 had the right of appeal, according to articles 540 and 541 of the Code of Criminal Procedure. But, as a matter of fact, the period of three years which must elapse .after the finding of the indictment or filing of the bill of information, in order to entitle the accused party to a nolle prose•qui, is called the “prescriptive period”, in the proviso at the end of the last paragraph in Act No. 323 of 1942. That paragraph of the act provides:
 

 “In felony cases when three years elapse from the date of finding an indictment, or filing an information, and in all •other cases when two years elapse from the date of finding an indictment, or filing .an information, or affidavit, it shall be fhe mandatory duty of the District Attorney to enter a nolle prosequi, if the accused has not been tried, and if the District Attorney fail or neglect to do so, the Court may on motion of the defendant or his attorney cause such nolle prose.qui [to be] entered the same as if entered by the District Attorney, provided that if .at any time during said three or two year -periods, respectively, the offender is a fugitive from justice,
 
 .such prescriptive period
 
 :shall be suspended arid shall recommence to run only from the date said offender is captured or surrenders.” [The italics are ours.]
 

 The words “to be”, which we have embraced in brackets, in the phrase “cause such nolle prosequi [to be] entered”, appear in Act No. 147 of 1942 but not in Act No. 323 of 1942, both, of which acts ■purport to amend and re-enact article 8 of the Code of Criminal Procedure. The including of the words “to be” in Act No. 147 of 1942, or the omission of these words from Act No. 323 of that session, makes no difference in the meaning of that paragraph in either of the acts.
 

 In the case of State v. Gunter, 188 La. 314, 177 So. 60, 61, decided in November 1938, which was previous to the adoption of Acts Nos. 147 and 323 of 1942, the court characterized the period which had to elapse after the finding of the indictment or filing of the bill of information, in order to entitle the accused party to a nolle prosequi, under articles 8 and 9 of the Code of Criminal Procedure, as “the prescriptive period”, thus:
 

 “While the Legislature in its wisdom has seen fit to place a limitation on the time within which prosecutions may be had, nevertheless it is evident from a reading of articles 8 and 9 of the Code of Criminal Procedure that the district attorney cannot be required by an accused to enter a nolle prosequi until he has shown to the district attorney’s satisfaction not only that
 
 the prescriptive period
 
 has elapsed, but also that no legal interruption of
 
 prescription
 
 has taken place; nor has the Court authority to order the dismissal of a prosecution, when the district attorney has not entered his nolle prosequi, until the accused shall have established to the satisfaction of the court that
 
 the prescriptive period
 
 prescribed by law has run.” [The italics are ours.]
 

 The refusal of the judge to grant the State an appeal in this case seems to rest upon a very rigid construction of the phrase “the same as if en
 
 *683
 
 tered by the district attorney”, in the declaration in article 8 of the Code of Criminal Procedure, as amended, that, if the district attorney fails or neglects to enter a nolle prosequi, “the court may on motion of the defendant or his attorney cause such nolle prosequi to be entered
 
 the same as if entered by 'the district attorney.”
 
 [The italics are ours.] The phrase which we have italicized — “the same as if entered by the district attorney” — does not mean that when the judge causes a nolle prosequi to be entered, over the protest of the district attorney, the State shall be denied the right to appeal from the order of the judge, the same as if the nolle prosequi had been entered by the district attorney voluntarily. When the judge causes a nolle prosequi to be entered, against the protest of the district attorney, the judge does not act in the capacity of the State’s attorney but acts in a judicial capacity, and his judgment is one from which the State may appeal if the prosecution is for a felony. If the district attorney should be so bound by such a ruling that he would not have the right to appeal from it, by the same token he would not have the right to complain by way of a petition for writs of certiorari and prohibition.
 

 It is argued in the brief for the defendants that the attorney general had his opportunity, before the judge entered the nolle prosequi, to notify the judge of the State’s intention to apply to this court for a writ of prohibition to prevent the judge from entering the nolle prosequi, and that if the' judge had been so notified he would have withheld his order until the attorney general had an opportunity to apply to this court for. the writ of prohibition. A sufficient answer to the argument is that, if the attorney general had applied to this court for a writ of prohibition before the judge rendered his judgment ordering the nolle prosequi to be entered, the petition of the attorney general to this court would have been dismissed for being premature.
 

 As a general rule this court will1 not exercise its supervisory jurisdiction in a case where the party complaining has an adequate remedy by appeal. The State’s remedy by appeal in this case is an adequate remedy — especially as we are so well up with our criminal docket that criminal cases are heard and disposed of as promptly when they come up on appeal as when they come up on writs of certiorari. If the attorney general or the district attorney had waived the State’s right to-an appeal in this case, and had applied to this court for writs of certiorari. and prohibition, the defendants would have had just cause to object, to the granting of the writs on the ground thát the State had an adequate remedy by appeal.
 

 The attorney general and the district attorney explain in their petition to this court that the State has a material interest in demanding her right to appeal from the judgment complained of, instead of having to resort to an application for writs of certiorari and prohibition. The reason why the attorney general and the district attorney are insisting upon their right to an appeal is that; under sections
 
 *685
 
 1 and 2 of Rule XI of the Rules of the Court (191 La. xliv), an appellant may present his case by oral argument, as •well as on printed briefs; whereas, according to section 4 of the same rule, ■“Oral argument will not be allowed * * * in any case coming before the court * * * under the court’s supervisory jurisdiction.”
 

 The rule issued by this court, ordering the Judge of the Criminal District Court to show cause why the relief prayed for by the State should not be granted, is now made absolute, and, accordingly, the judge is directed to sign the order of appeal and to reinstate his signature on the bill of exceptions reserved by the State.