HAWTHORNE, Justice
 

 (dissenting in part).
 

 I fully subscribe to the decree in the majority opinion insofar as it affirms the verdict of the conviction, and to the reasons given therefor, but cannot subscribe to that portion of the decree which affirms the sentence because I am of the opinion that the sentence is illegal, null, and void and is no sentence whatsoever, and that for this reason the case should be remanded to the district court for the judge to impose a legal sentence.
 

 Since the defendant was charged in the bill of information with the theft of a horse valued at $100, under Article 67 of the Louisiana Criminal Code, for which the punishment may be imprisonment with or without hard labor for not more than 10 years, this court has appellate jurisdiction. Article 7, Section 10, of the Louisiana Constitution of 1921 provides, insofar as it is applicable to this case, that the appellate jurisdiction of the Supreme Court extends to criminal cases on questions of law alone whenever the penalty of imprisonment at hard labor may be imposed. See State, v. Melancon, 163 La. 435, 112 So. 37; State v. Price, 164 La. 376, 113 So. 882.
 

 The minutes of the lower court disclose that after trial the jury returned the following verdict:
 

 “We the Jury find the accused guilty as charged with value less than one hundred dollars and more than twenty dollars. H. A. deNux, Foreman.”
 

 In due cour'se, the district judge -imposed a sentence upon the defendant under the above conviction of 12 months in the parish jail, and at the same time suspended six months of the sentence so imposed.
 

 Article 530 of the Code of Criminal Procedure, as amended, insofar as it is applicable to this case, provides:
 

 “ * * * when any person is convicted by a jury of a felony, other than a capital offense,
 
 and probation is recommended by the
 
 jury,
 
 the court shall have the power to suspend execution of the sentence imposed
 
 
 *671
 

 and to place the offender on probation
 
 for such period and upon such terms as the court may deem best. * * * ” (All italics mine.)
 

 In the instant case, since the jury failed to recommend probation, the judge of the lower court had no authority whatever to suspend any sentence which lie should see fit to impose within the terms of the statute, and, even-if the jury had recommended probation, he would not have had authority at the time of imposition of sentence to suspend only a portion of the sentence imposed.
 

 In the case of State v. Blakeney, 164 La. 669, 114 So. 588, 589, this court found that the sentence imposed on defendant therein was illegal under the indeterminate sentence law, and during the course of the opinion we said:
 

 “ * * *
 
 It is the duty
 
 o/
 
 the district judge to impose a sentence according to lam),
 
 and to determine whether the minimum sentence shall be exactly two-thirds of the maximum, or less than two-thirds of the maximum, and, if less, how much less.
 
 The sentence being illegal, the case is in the same condition as if no sentence at all had been imposed,
 
 and it must be remanded for the judge to impose a legal sentence. The invalidity of the sentence, of course, does not affect the validity of the verdict.”
 

 This rule was followed and the language quoted with- approval in State ex rel. Cutrer v. Pitcher, 164 La. 1051, 115 So. 187.
 

 Article 527 of the Code of Criminal Procedure .provides that, when a sentence is illegal, it may be reviewed by the appellate court at the instance either of the State or of the defendant, and, as pointed out in the majority opinion, the State has not appealed from the illegal sentence imposed herein. I am mindful of the fact that, under Article 558 of the Code of Criminal Procedure, an appellate court cannot determine or consider any question which was not submitted to, and passed upon by, the trial judge unless the error is patent on the face of the record, but in such a case
 
 this court is charged with noticing ex proprio motu such nullities or defects as may be apparent on the face of the record.
 
 State v. Toney et al., 205 La. 451, 17 So.2d 624, and authorities therein cited. In that case this court said: “ * * * Asa matter of fact, this court is
 
 charged
 
 with noticing ex proprio motu such nullities or defects as may be apparent on the face of the record. * * * ”
 

 In the instant case, the error is one patent on the face of the record, for in a criminal case
 
 the record includes
 
 the caption, a statement of the time and place of holding the court, the indictment or information with the arraignment, the plea of the accused, the motion for empaneling of the jury, the verdict, and
 
 the judgment of the court.
 
 United States v. Taylor, 147 U.S. 695, 13 S.Ct. 479, 37 L.Ed. 335; State v. McCrocklin, 130 La. 106, 57 So. 645; State v. Leon, 177 La. 293, 148 So. 54; State v. Daleo, 179 La. 516, 154 So. 437; State v. Eubanks, 179 La. 92, 153 So. 31.
 

 
 *673
 
 Article 527, which gives the State the right to appeal from the imposition of' an illegal sentence, provides also that nothing contained therein shall be construed to deprive any person of his right in proper cases to a writ of habeas corpus. In the instant case, since the decree of the majority has failed to remand the case for proper sentence, the defendant herein is entitled to his release from his imprisonment in the parish jail under this illegal sentence under a writ of habeas corpus, subject, of course, to imprisonment under a valid sentence by the district court, as in State ex rel. Cutrer v. Pitcher, supra. To me, therefore, in order to preclude the possibility of further proceedings in such a case as this one, the better practice would be for this court, under the authorities cited hereinabove, to affirm the verdict, but to take notice of the error patent on the face of the record— that is, the illegal sentence — and to remand the case to the lower court so that a legal sentence may be imposed.