515 So.2d 605 (1987)
STATE of Louisiana
v.
Edwin BUSCH.
No. KA 87 0150.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
*606 William R. Campbell, Jr., New Orleans, for State of La.
Douglas C. Ellis, Covington, for defendant.
Before WATKINS, CARTER and CHIASSON,[*] JJ.
REMY CHIASSON, Retired Judge.
This criminal appeal arises from the conviction of Edwin Busch of the sexual battery of his daughter, a violation of La.R.S. 14:43.1. After defendant waived trial by jury, a bench trial was held. He was found guilty as charged and was subsequently sentenced to serve four (4) years at hard labor. Defendant's sentence of confinement at hard labor was suspended, and he was placed on supervised probation for a period of five (5) years with the following special conditions: (1) to receive psychiatric evaluation and/or treatment, with the reports of the psychiatrist and/or psychologist to be forwarded by the probation officers to the court involved in the child custody case; (2) to serve sixty (60) days in the parish jail; and, (3) to refrain from contacting the victim or the victim's mother except as authorized by the court involved in the child custody case.
Defendant appeals his conviction and sentence, urging the following six (6) assignments of error:
1. The trial court erred in admitting the testimony of Ingrid Busch on cross-examination since the court failed to administer any oath to said witness, and based its verdict of guilty partly on said testimony.
2. The trial court erred in qualifying Virginia Ratcliff as an expert in child abuse and in allowing her opinion testimony.
3. The trial court erred in inferring certain facts from the testimony of Virginia Ratcliff as to the hearsay story of the victim, and in basing its guilty verdict in part on said testimony.
4. The trial court erred in disregarding the testimony of Ronald Nelson and Cathy Nelson as to the defendant's ability to have committed the alleged crime in the home of defendant when said witnesses were present.
5. The trial court erred in finding the defendant guilty, the state having failed to prove every element of crime, particularly in failing to prove the age of defendant and his difference in age from that of the victim.
6. The trial court erred in reaching the verdict of guilty, said verdict not being supported by evidence presented.

FACTS
This case involves the commission of sexual battery by defendant upon his own seven-year old daughter. Defendant and the child's mother were divorced, and pursuant to a court decree shared custody of the victim and her four-year old brother on *607 alternating months. A videotape of an oral statement of the child made before the proceeding began was admitted into evidence and played at trial in accordance with La.R.S. 15:440.1, et seq. The child was also present at trial and testified under cross-examination by defense counsel and redirect examination by the State. Her testimony revealed that, during the thirty-day periods she spent with her father, defendant came into her room every night nude, pulled down the victim's underwear, layed down on the bed, put her on top of him, rocked her back and forth, and otherwise sexually molested her. The child spent alternating months with her father from February of 1985 through November of 1985, at which time she refused to go with defendant when he came to her mother's house to pick her up. In response to questioning, the victim told her mother of these practices; and defendant's arrest followed.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in admitting the victim's testimony on cross-examination without administering any oath or affirmation to the witness. He argues that the unsworn testimony of the child should not have been considered by the court and should not have formed the basis of defendant's conviction.
La.Code Cr.P. art. 14 provides as follows:
A. If a person refuses to take an oath or to make a sworn statement or affidavit required in connection with any criminal proceedings, he may affirm in lieu of swearing, and his affirmation shall fulfill the requirement and shall have the same legal effect as an oath, sworn statement, or affidavit.
B. Every witness shall be sworn or affirm to speak the truth and nothing but the truth.
La.Code Cr.P. art. 776 provides:
Before a witness is permitted to testify he shall be sworn, in accordance with Article 14.
A formal oath is not always required as a condition precedent to receiving the testimony of young children. Much discretion in this regard is left to the trial judge. State v. Pace, 301 So.2d 323 (La.1974).
At the time of trial, the victim was eight years old. Before the child testified, the trial judge twice asked her if she promised that anything she said in that courtroom would be the truth. In both instances, she replied affirmatively, also indicating that she was conscious that it is wrong to tell a lie.
In view of the clarity of the judge's inquiries and the consistency of the answers, we find that the witness did affirm to speak the truth. Considering the age of the witness, the trial judge did not abuse his discretion.
Moreover, we note that the witness was cross-examined by the defense, without any objection being made to the fact that the witness had not been sworn. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La.Code Cr.P. art. 841; see State v. Melancon, 163 La. 435, 112 So. 37 (La.1927); State v. Vampran, 491 So.2d 1356 (La.App. 1st Cir.), writ denied, 496 So.2d 347 (La.1986).
Accordingly, assignment of error number one is without merit.

ASSIGNMENT OF ERROR NO. 2
By means of this assignment, defendant alleges that the trial judge erred in qualifying Virginia Ratcliff as an expert in child abuse and in allowing her opinion testimony. Specifically, defendant claims that the witness lacked the proper qualifications and that no factual basis was offered for the witness's opinion testimony.
La.R.S. 15:466 provides:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
The acceptance of a witness as an expert is a matter entrusted to the discretion of the trial judge. His ruling will not *608 be overturned on appeal absent an abuse of discretion. State v. Michel, 422 So.2d 1115 (La.1982); State v. Lewis, 489 So.2d 1055 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986).
Virginia Ratcliff is a social worker who interviewed the child victim in response to an allegation that the child had been sexually abused by her father. At trial, the judge sustained defense counsel's objection that the witness's recitation of the child's statement would be hearsay. The State then proceeded to qualify her as an expert in order to elicit the witness's opinion as to the truth of the child's statement to her.
In qualifying, Virginia Ratcliff testified that she had been employed as an administrative social worker for the Office of Human Development for over five years. She obtained a bachelor's degree in psychology from the University of Pittsburgh. She completed more than five special training courses offered through the State, dealing with interviewing child victims of sexual abuse. She had previously been qualified by juvenile court in St. Tammany Parish as an expert in the field of child abuse. The witness had interviewed approximately fifteen child abuse cases per month in the previous three years. Considering these qualifications, we find no abuse of the trial judge's great discretion in allowing the witness to express her opinion as to the truthfulness of the child victim.
Further, the record reveals that the witness did state the facts upon which her expert testimony was based. On direct examination, after qualification as an expert, the witness stated that she felt the victim was telling the truth because the child did not vary in her statements. Virginia Ratcliff also stated that a witness will generally forget part of what they are supposed to say if they have been coached. We conclude that there was a sufficient statement of the facts upon which the witness based her opinion. La.R.S. 15:465.
This assignment of error is meritless.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
In his oral reasons for finding defendant guilty of the charged offense, the trial judge stated, "I'm going to totally ignore the testimony of the witnesses except for the child and the father and the opinion of the social worker who believes the child was telling the truth." The judge further stated that he would infer that the child gave the same statement to Virginia Ratcliff that she gave the social worker on the videotape.
In assignment of error number three, defendant contends that the trial judge erred in inferring certain facts from the testimony of Virginia Ratcliff as to the hearsay story of the victim and in basing his guilty verdict partly on said testimony. By means of assignment of error number four, defendant claims that the trial judge erred in disregarding the testimony of Ronald and Cathy Nelson, two defense witnesses.
It is well established that where there is conflicting testimony about factual matters, resolution of which depends upon determination of credibility of witnesses, the issue is one of weight of evidence, not sufficiency, and thus the issue is a question of fact which the Court of Appeal has no appellate jurisdiction to review. La. Const. of 1974, art. V, § 10(B); Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Rosiere, 488 So.2d 965 (La.1986); State v. Guirlando, 491 So.2d 38 (La.App. 1st Cir.1986); State v. Williams, 452 So.2d 234 (La.App. 1st Cir. 1984); writ not considered 456 So.2d 161 (La.1984); reconsideration not considered 458 So.2d 471 (La.1984).
Therefore, these assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 5 AND 6
In assignment of error number five, defendant claims that the State failed to prove every element of the crime of sexual battery, namely, either the age of defendant or that defendant compelled the victim to submit by placing her in fear of bodily *609 harm. By means of assignment of error number six, defendant alleges that the trial judge erred in finding defendant guilty because the evidence does not support this verdict.
We note, initially, that the appropriate procedural vehicle for urging sufficiency of the evidence is by motion for post-verdict judgment of acquittal. See La. Code Cr.P. art. 821; State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1983). However, we will review sufficiency of the evidence when argued in brief pursuant to a formal assignment of error.
On review of the sufficiency of the evidence to support a criminal conviction, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant committed the essential elements of the crime beyond a reasonable doubt. La.Code Cr.P. art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
La.R.S. 14:43.1 provides, in pertinent part, as follows:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
On the videotape which was introduced and played at trial, the victim stated that she was seven years old. In response to a question on direct examination by defense counsel, defendant testified that he was twenty-seven years old. The testimony of the victim is sufficient to establish the elements of the offense. State v. Walder, supra. Herein, the child testified that defendant placed her on top of his nude body on the bed, pulled down her panties and rocked her back and forth. The trial judge determined that, although there were minor discrepancies in the young victim's testimony, he was convinced that the incident she described occurred on at least several occasions. The fact that the record contains evidence which conflicts with testimony accepted by trier of fact does not render evidence accepted by trier of fact insufficient. State v. Mullins, 464 So.2d 459 (La.App. 1st Cir.1985).
There is no merit to these assignments of error.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.