985 So.2d 745 (2008)
STATE of Louisiana
v.
Sean Vincent GILLIS.
No. 2007 KA 1909.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
Richard J. Ward, Jr., District Attorney, Antonio M. "Tony" Clayton, Assistant District Attorney, Port Allen, LA, and Elizabeth A. Engolio, Assistant District Attorney, Plaquemine, LA, for Plaintiff-Appellant, State of Louisiana.
Jelpi P. Picou, Jr., Maurice Typler, Kerry Cuccia, New Orleans, LA, for Defendant-Appellee, Sean Vincent Gillis.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
The defendant, Sean Vincent Gillis, was charged by grand jury indictment with *746 second degree murder, a violation of La. R.S. 14:30.1. The defendant pled not guilty. The defendant filed a motion to suppress inculpatory statements and a motion to suppress an oral DNA sample taken. The motions were denied. Thereafter, the defendant withdrew his prior plea of not guilty and, at a Boykin hearing, entered a plea of guilty pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to challenge all pretrial rulings. The State objected to the trial court's accepting the Crosby plea without agreement to the plea by the State. The defendant was sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The State now appeals, designating one assignment of error. We affirm the trial court's acceptance of the defendant's Crosby plea.

FACTS
Because the defendant pled guilty, the facts were not developed. At the Boykin hearing, the defendant stated, "I strangled Joyce ... Williams and she died." According to the indictment, the defendant killed Ms. Williams on or about November 12, 1999.

DISCUSSION
In its sole assignment of error, the State argues the trial court erred in accepting the defendant's Crosby plea. Specifically, the State contends that the trial court should not have accepted the defendant's Crosby plea without the prosecution's agreement to the plea.
Initially, we address the defendant's argument that the State does not have the right to an appeal in this matter. Louisiana Code of Criminal Procedure article 912(B)[1] provides those instances where an appeal is allowed by the State. According to the defendant, the type of appeal in the instant matter is not covered under Article 912. Relying on the Commentary to Article 912 and citing State v. Shushan, 204 La. 672, 680, 16 So.2d 227, 230 (1943), the defendant states, "the type of case historically within the purview of state appellate jurisdiction is limited to a judgment `putting an end to the prosecution in the Criminal District Court.'"
A guilty plea not involving capital punishment brings an end to the proceedings, and accordingly, the judgment and sentence are final. Moreover, by its clear language, Article 912 provides not an exclusive list, but merely an illustrative list of the judgments or rulings from which the State may appeal. We find, therefore, that the instant matter is appealable under Article 912. Accordingly, the State has a right to appeal in this case, and the defendant's contention to the contrary is without merit.
At a status conference prior to the Boykin hearing, defense counsel informed the trial court that the defendant was going to plead guilty, but that pursuant to Crosby, he was reserving the right to appeal all pretrial rulings, specifically those rulings dealing with the suppression of statements. The State objected to the *747 Crosby plea based on the defendant's reserving the right to appeal the pretrial rulings. According to the State, if the defendant did not unconditionally plead guilty as charged, i.e., a "straight up and down" guilty plea without reservation of the right to challenge any pre-plea ruling, then the State was not going to acquiesce to the plea. It was the State's position that the Crosby plea was tantamount to a plea bargain and that the State had to concur with the conditions of the plea in order for the plea to be valid. The State contended that if it accepted the Crosby plea, it would not have a complete record. Accordingly, since the Crosby plea was rejected by the State, the plea could not be accepted by the trial court.
We find no merit in the State's contention. In Crosby, the supreme court stated, "the trial court has very great and virtually unreviewable discretion to reject rather than accept a guilty plea conditioned upon reservation of appellate review of pre-plea assignments of non-jurisdictional error." Crosby, 338 So.2d at 590. This language makes clear that even if the State agreed with the Crosby plea, the trial court, in its own discretion, can reject the plea. Conversely, under the same plenary power with which the trial court can reject the plea, the trial court can accept the plea, regardless of whether the State disagreed with the plea. The right of the defendant to condition his plea upon the reservation for appellate review of pre-plea errors is subject to acceptance by the trial court. Nothing in Crosby or the Crosby jurisprudence suggests that there must also be agreement by the State before a trial court can accept a Crosby plea. The State cites to State v. Alston, 94-58 (La.App. 3 Cir. 10/5/94), 643 So.2d 1328, writs denied, 94-2721, 94-2733, 94-2735 (La.2/9/95), 649 So.2d 419, and writ denied, 96-0582 (La.5/9/97), 693 So.2d 770, and State v. Handy, XXXX-XXXX (La.App. 4 Cir. 1/18/06), 925 So.2d 577, for the proposition that a trial court cannot accept a Crosby plea without the State's agreement. However, the State's reliance on Alston and Handy is misplaced.
In Alston, the defendant entered a Crosby plea. The district attorney objected to the plea, and the trial court informed the defendant that it could not accept a Crosby plea without the State's agreement. The defendant's counsel objected to the trial court's ruling but did not request a stay of the proceedings in order to seek a writ of review from the court of appeal. Instead, the defendant was Boykinized and entered an unqualified plea of guilty to the charge, thereby waiving any objections to the pre-plea rulings. Alston, 94-58 at pp. 2-3, 643 So.2d at 1329-30. The State in the instant matter is relying on an unchallenged ruling by a trial court. Alston, as jurisprudential precedent, in no way holds, or even suggests in dicta, that a trial court cannot accept a Crosby plea without the State's agreement.
In its brief, the State suggests that Handy demonstrates that the Crosby plea would have been subject to an objection by the State. In Handy, the trial court denied the defendant's motion to suppress the evidence. On the day of trial, the State reduced the charge, and the defendant pled guilty to the reduced charge, reserving his right under Crosby to appeal the trial court's denial of the motion to suppress the evidence. Handy, XXXX-XXXX at p. 1, 925 So.2d at 579. The State argued the defendant could not pursue the appeal because defense counsel failed to make a contemporaneous objection to the court's denial of the motion to suppress. Handy, XXXX-XXXX at p. 5, 925 So.2d at 580. The fourth circuit found no merit in the State's argument noting that "support of its argument applies to district court rulings made at trial instead of at pre-trial *748 motion practice." Handy, XXXX-XXXX at p. 5, 925 So.2d at 581. The Handy court added, "Moreover, the record indicates that the State failed to make a contemporaneous objection to Handy's Crosby plea." Handy, XXXX-XXXX at p. 5, 925 So.2d at 581. This additional comment by the court regarding objecting to the Crosby plea was simply an observation that it was the State that induced the defendant to plead guilty by reducing the charge, while reserving the right to appeal the denial of the motion to suppress. As with Alston, Handy, as jurisprudential precedent, in no way holds, or even suggests in dicta, that a trial court cannot accept a Crosby plea without the State's agreement.
While a Crosby plea is a very specific type of "plea bargain," it is not the type of plea bargain that requires acceptance by the State, as the State suggests in its brief. The defendant was not offered the opportunity to plead to a lesser crime, or offered a reduced sentence, and, in return, forced to waive the right to appellate review of pre-plea rulings.[2] Moreover, as noted by the trial court in its reasons for judgment in overruling the State's objection to the Crosby plea, the defendant would have a right of appeal whether he entered a Crosby plea or went to trial and was found guilty:
If it is determined that the confession was illegally obtained then a reversal of the defendant's conviction is warranted. It makes no sense to force the defendant to trial in order to have this issue determined. The court reasoned that if the defendant were to go to trial that he would be permitted to appeal so the court's granting of the defendant's right to appeal did not, in the court's opinion, give any apparent benefit to the defendant.
The court reasons that if it is reversed on its denial of the suppression of the confession, whether the defendant's sentence is based on a plea or based on a conviction at trial it is going to be reversible error and the plea or trial conviction will be set aside. The court additionally recognizes that if its decision not to suppress the confession is upheld by the higher court the defendant will receive a sentence of imprisonment at hard labor for the remainder of his natural life whether the defendant pleads guilty to the charge of second degree murder or the defendant is found guilty after a trial.
The outcome will be the same regardless of whether the defendant is permitted to appeal at the time of his plea or at the completion of a full trial in this matter. In this interest of judicial economy, this court is of the opinion that to force a trial in this matter would be to force unnecessary costs and undue hardship upon the taxpayers of this parish, the judicial system, the witnesses, the jurors, the victim's family and the accused without just cause.
The trial court did not abuse its discretion in accepting the defendant's Crosby plea without agreement to the plea by the *749 State. Accordingly, the assignment of error is without merit.
TRIAL COURTS ACCEPTANCE OF DEFENDANT'S CROSBY PLEA AFFIRMED.
NOTES
[1] Article 912 provides, in pertinent part, as follows:

A. Only a final judgment or ruling is appealable.
B. The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
(1) A motion to quash an indictment or any count thereof;
(2) A plea of time limitation;
(3) A plea of double jeopardy;
(4) A motion in arrest of judgment;
(5) A motion to change the venue;
(6) A motion to recuse....
[2] For example, in State v. McKinney, 406 So.2d 160, 161-62 (La.1981), based on a plea bargain, the defendant received a reduced charge and made an affirmative voluntary, intelligent, knowing, and informed waiver of his right to appellate review. The McKinney court, 406 So.2d at 162 explained:

The defendant's guilty plea to the reduced charge of attempted armed robbery was the result of a plea bargain. In accordance with the Uniform Rules of Criminal Procedure, National Conference of Commissioners on Uniform State Laws (1974), a prosecutor may require the waiver of appellate review of nonjurisdictional pre-plea rulings. [Crosby, 338 So.2d at 591] and Rule 443(a)(4) cited in footnote 3 on page 589.